IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>FRANKLIN DRYWALL, LLC )<br>)<br>Defendant ) | CIVIL ACTION NO. 05-02354(ESH) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Defendant, Franklin Drywall, LLC ("Company" or "Defendant"), in the amount of $37,286.89.

The Pension Fund served its Complaint on Defendant on December 29, 2005. To date, Defendant has failed to answer the Complaint or to otherwise defend this action. Plaintiff filed a Request to Clerk to Enter Default against the Defendant pursuant to Fed. R. Civ. P. 55(a) on February 7, 2006. Default was entered against the Defendant on February 8, 2006. Plaintiff now submits its motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Sanford G. Rosenthal and a proposed form of judgment.

161193-1

The Pension Fund requests that the Court enter judgment by default against Defendant in the amount of $37,286.89, as set forth in the enumerated paragraphs below.

1. <u>Unpaid Contributions in the amount of $26,122.51.</u>

Defendant owes $26,122.51 in unpaid contributions for the period January 2001 through March 31, 2004 based on an audit performed on January 12, 2006. Montemore Declaration, ¶6.

2. <u>Interest through February 28, 2006 of $837.77.</u>

Section 10 of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through February 28, 2006 on Defendant's $26,122.51 in delinquent contributions totals $837.77. Interest shall continue to accrue on unpaid contributions in accordance with the Plan and ERISA until the date of actual payment. Montemore Declaration, ¶7; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

3. <u>Liquidated Damages of $5,224.51.</u>

ERISA and Section 10 of the Plan mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions. As indicated above, Defendant owes $26,122.51 in unpaid contributions. Twenty percent (20%) of this amount is $5,224.51. Since the total amount of liquidated damages is greater than the interest amount, Company owes $5,224.51 in liquidated damages attributable to the unpaid contributions during the period August 1, 2004 through November 9, 2005. Montemore Declaration, ¶8; 29 U.S.C. § 1132(g)(2).

164803-1

4.  Audit Costs of $1,031.00.

The determination of an employee's eligibility for benefits is made based upon information contained on the remittance report. An employer's liability to the Pension Fund is also based on information contained in the report. When a remittance report is not submitted or contains incorrect information, then a proper determination of eligibility and amounts due to the Pension Fund is impossible. In such a case, the only means of obtaining the necessary information is to review the employer's payroll records. Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 581 (1985).

Article VI, Section 6 of the Agreement and Declaration of Trust of the Pension Fund provides for recovery of audit costs in the event that an audit of a signatory employer's payroll books and related records reveals a delinquency to the Pension Fund. On January 12, 2006, the Pension Fund completed an audit of the Company's payroll books and related records covering the period August 1, 2004 through November 9, 2005. This audit revealed a consistent pattern of underpayments and non-payments of contributions to the Pension Fund. As a result, Company is responsible for the cost of the audit. The cost of the audit is $1,031.00. Montemore Declaration, ¶9.

5.  Late charges of $230.38 and Returned Check Fee $50.00

ERISA and Section 10.12(b)(5) of the Pension Plan allow for other legal or equitable relief as the Court deems appropriate. Article VI, Sec. 4 of the Pension Fund's Agreement and Declaration of Trust provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date and prior to litigation. Defendant owes $230.38 in "late charges/interest" as a result of its late payment of contributions each month from February 2002

164803-1

through April 2005 and $50.00 representing a returned check fee for check #1564 for September 2005 contributions.   Montemore Declaration, ¶10. See also, International Brotherhood of Painters and Allied Trades International Union and Industry Pension Fund v. Claser Painting Corporation, No. 91-7185, slip. op. at *1-2 (D.C. Cir. Feb. 1, 1993).

6.   Attorneys' fees and costs of $3,790.72.

Plaintiff has incurred $3,790.72 in attorneys' fees and costs in seeking payment of amounts owed by the Defendant for the period November 2005 through February 17, 2006. Rosenthal Declaration, ¶2; 29 U.S.C.§ 1132(g)(2).

7.   Injunctive Relief.

In light of Defendant's failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month (See, Montemore Declaration, ¶11) and the irreparable harm which Defendant's malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. Laborers' Fringe Benefit Funds v. Northwest Concrete, 640 F.2d 1350, 1352 (6th Cir. 1981); IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc., 4 EBC 1199, 1200 (D.D.C. 1983); Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co., 640 F.Supp. 223 (D.D.C. 1986).

164803-1

      8.     <u>Future Attorneys' Fees and Costs of Collection.</u>

The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in connection with the enforcement and collection of any judgment entered by the Court. <u>See</u>, <u>Free v. Briody</u>, 793 F.2d 807 (7th Cir. 1986); <u>Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co.</u>, 867 F.2d 852 (10th Cir. 1989); <u>Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.</u>, No 02-1128, 2003 U.S. App. LEXIS 2098 (3d Cir. Feb 6, 2003).

                                        Respectfully submitted,

                                        JENNINGS SIGMOND, P.C.

                                    BY:<u>s/ Sanford G. Rosenthal</u>
                                            SANFORD G. ROSENTHAL, ESQUIRE
                                            (I.D. NO. 478737)
                                            The Penn Mutual Towers, 16th Floor
                                            510 Walnut Street, Independence Square
                                            Philadelphia, PA 19106-3683
                                            (215) 351-0611/0660

Date: <u>February 17, 2006</u>          Attorneys for Plaintiff

164803-1