UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 05-2354 (ESH) |
| FRANKLIN DRYWALL, LLC, | : : | |
| Defendant. | : : | |

**MEMORANDUM OPINION**

Before the Court is plaintiff's motion for entry of default judgment. This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Defendant was served with the complaint on December 29, 2005, and has failed to answer or otherwise defend this action. The Clerk of Court entered default on February 8, 2006. Pursuant to the Court's February 9, 2006 Order requesting plaintiff to apply for entry of judgment, plaintiff has moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).[1]

---

[1] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1), and venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(D).

The determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). For default judgment, defendant must be considered a "totally unresponsive" party and its default plainly willful, reflected by its failure to responded to the summons and complaint, the entry of default, or the motion for default judgment. *Gutierrez v. Berg Contracting Inc.*, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836). Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied. *Id.*

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to 29 U.S.C. § 1132(g)(2) and section 10.12 of plaintiff's Industry Pension Plan, the Court shall award plaintiff: (A) the unpaid contributions; (B) the interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action; and (E) such other legal or equitable relief as the court deems appropriate. The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiff filed the declaration of Thomas C. Montemore, Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund (the "Fund"), in support of the motion for default judgment. Based on the declaration and the exhibits to plaintiff's motion, the Court finds that plaintiff has established damages in the amount

of $26,122.51 in unpaid contributions to the Fund for work performed during the period January 2001 through March 31, 2004; $837.77 in interest on those unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B); and $5,244.51 for liquidated damages assessed on unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii).  The Court further finds that plaintiff is entitled to $230.38 in late charges for late payments made from March 2004 through May 2004 and $50.00 for a returned check fee pursuant to 29 U.S.C. § 1132(g)(2) and § 10.12 of the Pension Fund's rules and regulations.  Plaintiff is further entitled to $1,031.00 in audit costs pursuant to Article VI, Section 6 of the Agreement and Declaration of Trust of the Pension Fund.

Plaintiff has also requested attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and has filed the declaration of plaintiff's counsel, Sanford G. Rosenthal, in support of this request.  The Rosenthal declaration states that plaintiff's counsel has accrued $3,790.72 in legal fees.  The Court finds that plaintiff is entitled to attorney's fees and costs in this amount.  Plaintiff is also entitled to reimbursement of attorneys' fees and expenses incurred in connection with the enforcement and collection of this judgment.  *See Free v. Briody*, 793 F.2d 807 (7th Cir. 1986); *Sheet Metal Workers Health and Welfare Trust Fund v. Big D Serv. Co.*, 867 F.2d 852 (10th Cir. 1989).

In addition, pursuant to 29 U.S.C. § 1132(g)(2)(E), the Court may award plaintiff equitable relief as appropriate.  Plaintiff requests that defendant file complete, proper and timely remittance reports with the accompanying pension contributions for those periods defendant is obligated to do so under the collective bargaining agreement(s).  Because plaintiff's request reiterates defendant's contractual obligations, and access to defendant's records is necessary to ensure defendant's compliance with these obligations, the Court believes such relief is appropriate.  The Court further requires defendant to provide access to its payroll books and

related records as necessary for plaintiff to audit defendant's contributions for all relevant periods, including those covered by this judgment.

Therefore, judgment will be entered for plaintiff in the amount of $37,286.89, pursuant to 29 U.S.C. § 1132(g)(2). Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Court will order defendant to produce remittance reports and make available its records for audit purposes.

A separate Order of judgment will accompany this Opinion.

s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

Date: February 22, 2006